In the Matter of the Claim of JULIA M. REID, Respondent, against ARKANSAS CO., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 18, 1931.

*Grattan B. Shults* [*Hobart R. Marvin* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Deputy Assistant Attorney-General,* and *Joseph A. McLaughlin, Assistant Attorney-General,* of counsel], for the respondents.

WHITMYER, J.   The claim is that the award is not in the interest of justice

The mortgage is for $15,000 and is to be reduced to $7,500.

The present value of the widow's benefits award, as of December 15, 1930, is $7,500.24, less overpaid compensation of $195.85 for eighteen and six-sevenths weeks, leaving $7,304.39.   The Board has found that the widow is able and willing to provide the difference.

She is about fifty-five years old and has a daughter, about twenty-seven, and a son, about twenty-six years old.

Her house is frame, with a brick foundation, and is located in Brooklyn.

It has ten rooms, with two baths and a heated garage for two cars.   It was built about sixteen years ago, was purchased by her husband for $21,500, and is assessed for $16,000.   It has been appraised at $28,000.

The mortgage became due on October 2, 1930.   How long the mortgagee will permit the balance to run, if one-half is paid, does not appear.

The widow has an earning capacity of about $1,000 a year, and an income, under her benefits award, of $45 a month, or $540 a year.

The fixed annual charges against the property are $900 for interest and $441 for taxes.   The insurance charge is $69.79 for three years.   Repairs cost $600 and certain improvements a little more than $400.   In addition, she has an indebtedness of $3,000 to friends, who will not embarrass her, so it is said.

The returns from the property for the year amounted to $1,920, and the expenses to $1,964, showing a deficit.

The house is now in good condition.

The widow proposes to use the lower part and to rent the two upper floors.

The bureau of rehabilitation has not made any definite recommendation.

If the award is not affirmed, foreclosure will, undoubtedly, follow and the property will be lost to her.

If it is affirmed and the mortgage is reduced, as proposed, the mortgagee may, nevertheless, demand immediate payment of the balance, unless the mortgage is extended.   And if such payment is demanded and not made, the mortgage may be foreclosed and, in that event, the widow may lose the property, notwithstanding

the improvement in her equity. In that case, she will have lost her benefits award and will have nothing for her support, except what she may be able to earn. On the other hand, if the application is denied, at any rate, she will have her benefits award and what she may be able to earn.

As the matter stands, it has not been made to appear, from any viewpoint, that the award will be in the interest of justice and we think that it should be reversed.

If conditions change, another application may be made.

The award should be reversed and the application dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.