In the Matter of the Claim of Julia M. Reid, Respondent, against
Arkansas Co., Inc., and Another, Appellants.
State Industrial Board, Respondent.

Third Department, May 10, 1933.

*Grattan B. Shults [Hobart R. Marvin of counsel], for the appellants.*

*Hyman Goldberg, for the claimant, respondent.*

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, and Roy Wiedersum, Assistant Attorneys-General, of counsel], for the respondent State Industrial Board.*

Bliss, J. This is an application by the widow of decedent for the commutation of her present weekly payments into a lump sum presently payable. The application has been once denied by this court (*Reid* v. *Arkansas Co., Inc.,* 233 App. Div. 451) as not being in the interest of justice.

The record shows that since that decision the matter has been reopened, further testimony taken and a new lump sum award made.

The new testimony is substantially to the effect that some of applicant's debts have now been paid, her son is now married and that the mortgagee is willing to extend the payment of the $7,500 balance on the $15,000 mortgage for a period of three years from the date when the reduction is made by the application of this lump sum award to the payment of the principal of the mortgage. Also both of applicant's children have asserted their willingness to support their mother. No new testimony as to the present value of the premises has been adduced since the hearings of 1930.

The principle involved in the Workmen's Compensation Law is that the compensation shall be a substitute for the wages of the

injured or deceased employee. In this, a death case, it furnishes its beneficiary with a regular and fixed income, thus assuring her of a competence for the remainder of her natural life or widowhood. Life is uncertain, conditions may change, but come weal or woe, this compensation furnishes her support upon which to depend in her declining years.

The values of real estate have fallen greatly in the past three years. What this applicant's equity now is in this property does not appear in the record, but it may safely be assumed that it is greatly reduced if not entirely wiped out. To then put into the property her one source of a life-long assured income does not appear to this court to be in the interests of justice in so far as the applicant is concerned. A clear case of benefit to the recipient must be established before the usual weekly benefits will be commuted into a lump sum presently payable.

If the property has any value above its present incumbrances she will easily be able to obtain a new loan elsewhere and the property will carry itself. If it will not do that, then her continued putting of money into it certainly is not justified. There is also the cogent reason that insurance carriers should not, at this time of subnormal values, be compelled to sacrifice a portion of their reserve in order to pay lump sum awards unless a clear and convincing need is established.

From the standpoint of both the beneficiary and the insurance carrier, no clear and convincing reasons are shown for the commutation of these payments.

The award should be reversed, with costs against the Industrial Board.

Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur.

Decision reversed, with costs against the State Industrial Board.